SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------X

JUSTIN MEREDITH,

                                  Plaintiff(s),

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, THE CITY OF NEW YORK
DEPARTMENT OF HOMELESS SERVICES and
DEPARTMENT OF HOMELESS SERVICES POLICE, JOHN
DOES #1-#10, and SERVICES FOR THE UNDERSERVED,
INC.,

                                  Defendant(s).

-------------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates KINGS
County as the place of trial.

The basis of venue is:
location of occurrence
1000 Blake Avenue, County
of Kings, State of New York

**To the above named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the plaintiff's attorneys within twenty days after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you personally within the
state, or, within 30 days after completion of service where service is made in any other manner.
In case of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

Dated: Garden City, New York
           July 23, 2019

SAMEER CHOPRA
**CHOPRA & NOCERINO, LLP**
Attorneys for Plaintiff
**JUSTIN MEREDITH** 100 Quentin
Roosevelt Blvd, Suite 107
Garden City, New York 11530
(212)868-3600
File No.: 1762.SC

Defendant's Address

**THE CITY OF NEW YORK**
100 CHURCH STREET
NEW YORK, NEW YORK

**P.O. "JOHN DOE#1-#10"**
**c/o NEW YORK CITY POLICE DEPARTMENT**
1 POLICE PLAZA
NEW YORK, NEW YORK

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 2 of 23 PageID #: 10

**NEW YORK CITY POLICE DEPARTMENT**
1 POLICE PLAZA
NEW YORK, NEW YORK

**Department of Homeless Services & Dept of**
**Homeless Services Police**
100 Church Street
New York, New York 10007

**Services for the Underserved**
463 Seventh Ave, 17th FL
New York, NY 10018

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 3 of 23 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK          **VERIFIED**
COUNTY OF KINGS                                 **COMPLAINT**
-----------------------------------------------------------------------X
JUSTIN MEREDITH,                                Index No.:
                                                Date Purchased:
                                Plaintiff(s),

                        -against-


THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, THE CITY OF NEW YORK DEPARTMENT
OF HOMELESS SERVICES and DEPARTMENT OF
HOMELESS SERVICES POLICE, JOHN DOES #1-#10, and
SERVICES FOR THE UNDERSERVED, INC.,

                                Defendant(s).

-----------------------------------------------------------X

The plaintiff, **JUSTIN MEREDITH,** by his attorneys, CHOPRA & NOCERINO,

LLP, complaining of the defendants herein, respectfully shows to this Court and alleges as

follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That the plaintiff, **JUSTIN MEREDITH**, is a resident of the County of the

Kings, City and State of New York.

2. That at all of the times hereinafter mentioned, and upon information and belief,

the defendant, **THE CITY OF NEW YORK**, was a municipal corporation duly organized

and existing under and by virtue of the Laws of the City and State of New York.

3. That at all of the times hereinafter mentioned, and upon information and belief,

the defendant, **NEW YORK CITY POLICE DEPARTMENT**, was a public agency duly

constituted and existing under and by virtue of the Laws of the City and State of New York.

3

4. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE**, was a public agency duly constituted and existing under and by virtue of the Laws of the City and State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **SERVICES FOR THE UNDERSERVED, INC.**, was a public agency duly constituted and existing under and by virtue of the Laws of the City and State of New York.

6. That on or about April 25, 2019, a Notice of Claim was served on the defendants, **THE CITY OF NEW YORK, THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE** and the **NEW YORK CITY POLICE DEPARTMENT**, prior to the commencement of this action.

7. That on or about April 26, 2019, a Notice of Claim was served on the defendants, **SERVICES FOR THE UNDERSERVED, INC.**, prior to the commencement of this action.

8. That on or about April 25, 2019, the plaintiff herein duly presented in writing to the defendants, **THE CITY OF NEW YORK, THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE** and the **NEW YORK CITY POLICE DEPARTMENT**, the claims for damages herein set forth and upon which this action is, in part, founded and that said claim was presented for adjustment.

9. That on or about April 26, 2019, the plaintiff herein duly presented in writing to

4

Case 1:19-cv-04897-FB-SJB Document 1-2 Filed 08/27/19 Page 5 of 23 PageID #: 13

the defendants, **SERVICES FOR THE UNDERSERVED, INC.**, the claims for damages herein set forth and upon which this action is, in part, founded and that said claim was presented for adjustment.

10.   That more than 30 days have elapsed since the said Notice of Claim, dated April 25, 2019, was served upon the defendant and the defendants, **THE CITY OF NEW YORK, THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE** and the **NEW YORK CITY POLICE DEPARTMENT**, has failed and refused to make payment or make an adjustment of any claims herein set forth.

11.   That more than 30 days have elapsed since the said Notice of Claim, dated April 26, 2019, was served upon the defendant and the defendants, **SERVICES FOR THE UNDERSERVED, INC.**, has failed and refused to make payment or make an adjustment of any claims herein set forth.

12.   That the plaintiff has duly complied with all of the conditions precedent to the commencement of this action as required by New York General Municipal Law §50(h).

13.   That this action was commenced within one (1) year after the accrual of the causes of action herein.

14.   Defendant **"JOHN DOE #1-#10"** were homeless services police/police officers/detective employed by **THE CITY OF NEW YORK, THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE, the NEW YORK CITY POLICE DEPARTMENT, and SERVICES FOR THE UNDERSERVED, INC.** (herein referred to as **P.O.**) and

5

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 6 of 23 PageID #: 14

attached or affiliated to the NYPD.

15. Plaintiff sues defendant **P.O. "JOHN DOE #1-#10"** in both his individual and official capacity.

16. That at all times material to this Complaint, the defendants, **P.O. "JOHN DOE #1-#10"**, acted within the scope of his duties as an employee, agent and official of the defendants, **THE CITY OF NEW YORK.**

17. That at all times material to this Complaint, the defendants, **P.O. "JOHN DOE #1-#10"**, acted within the scope of his duties as an employee, agent and official of the defendants **THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE.**

18. That at all times material to this Complaint, the defendants, **P.O. "JOHN DOE #1-#10"**, acted within the scope of his duties as an employee, agent and official of the defendant the **NEW YORK CITY POLICE DEPARTMENT.**

19. That at all times material to this Complaint, the defendants, **P.O. "JOHN DOE #1-#10"**, acted within the scope of his duties as an employee, agent and official of the defendant **SERVICES FOR THE UNDERSERVED, INC.**

20. That at all times hereinafter mentioned, the defendants, **THE CITY OF NEW YORK,** employed various persons including the police officers, law enforcement agents and personnel mentioned in this Complaint.

21. That at all times hereinafter mentioned, the defendants, **THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE** employed various persons including the police officers,

6

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 7 of 23 PageID #: 15

law enforcement agents and personnel mentioned in this Complaint.

22.    That at all times hereinafter mentioned, the defendants, the **NEW YORK CITY POLICE DEPARTMENT** employed various persons including the police officers, law enforcement agents and personnel mentioned in this Complaint.

23.    That at all times hereinafter mentioned, the defendants, the **SERVICES FOR THE UNDERSERVED, INC** employed various persons including the police officers, law enforcement agents and personnel mentioned in this Complaint.

24.    That on or about January 30, 2019, the plaintiff, **JUSTIN MEREDITH**, was injured by the defendants, by their agents, servants and/or employees.

25.    That the aforesaid incident was without probable cause or any justification.

26.    That as a result of the defendants' negligence, the plaintiff suffered and sustained physical injury and bodily harm, plaintiff's health was impaired, plaintiff suffered severe emotional distress, negligently inflicted emotional distress, and plaintiff's reputation and character were injured and plaintiff suffered a loss of income.

27.    That by reason of the foregoing, the plaintiff, **JUSTIN MEREDITH**, has been unable to attend to his usual occupation and/or school in the manner required.

28.    That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

29.    That as a result of the foregoing, the plaintiff, **JUSTIN MEREDITH**, sustained damages in excess of the jurisdictional amounts of the lower court.

## AS AND FOR A SECOND CAUSE OF ACTION

30.    Plaintiffs repeat and realleges each and every allegation contained in paragraphs

7

1 through 29 inclusive, with the same force and effect as though more fully set forth at length herein.

31. That at the times of the above-stated incident and at all times hereinafter mentioned, plaintiff, **JUSTIN MEREDITH**, was unlawfully assaulted and battered.

32. That at the time of said incident, assault and battery, the defendants were acting in the course and general scope of their employment duties and official duties pursuant to the authority given them by the defendant **THE CITY OF NEW YORK.**

33. That at the time of said incident, assault and battery, the defendants were acting in the course and general scope of their employment duties and official duties pursuant to the authority given them by the defendant **THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE.**

34. That at the time of said incident, assault and battery, the defendants were acting in the course and general scope of their employment duties and official duties pursuant to the authority given them by the defendant the **NEW YORK CITY POLICE DEPARTMENT.**

35. That at the time of said incident, assault and battery, the defendants were acting in the course and general scope of their employment duties and official duties pursuant to the authority given them by the defendant the **SERVICES FOR THE UNDERSERVED, INC.**

36. That by reason of and in consequence of said assault and battery on the part of the defendants and their agents, servants and/or employees, the plaintiff, **JUSTIN**

8

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 9 of 23 PageID #: 17

**MEREDITH**, sustained serious bodily injuries with accompanying conscious pain and suffering and was rendered sick, sore, lame, disabled, and bruised, and sustained severe mental distress that some of the said injuries may be permanent; that he was physically and verbally assaulted and battered at the time of his attack, and that he was unlawfully deprived of his liberty, rights and freedom.

37.    That by reason of the foregoing, the plaintiff, **JUSTIN MEREDITH,** has been unable to attend to his usual occupation and/or school in the manner required.

38.    That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

39.    That as a result of the foregoing, the plaintiff, **JUSTIN MEREDITH,** sustained damages in excess of the jurisdictional amounts of the lower court.

<u>**AS AND FOR A THIRD CAUSE OF ACTION**</u>

40.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 inclusive, with the same force and effect as though more fully set forth at length herein.

41.    That as a result of the defendants' concerted and unlawful use of excessive force and assault and battery of plaintiff, **JUSTIN MEREDITH,** the plaintiff was deprived of his liberty without due process of law in violation of his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of his statutory rights under 42 U.S.C. §1983; and the plaintiff was further deprived of her right to due process under the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of his statutory rights under 42 U.S.C. §1983 by the defendant's use of excessive physical

9

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 10 of 23 PageID #: 18

force.

42.    That the defendants' violations of plaintiff's constitutional and civil rights and concerted, unlawful use of excessive force, assault and battery of plaintiff, **JUSTIN MEREDITH**, was perpetrated by the defendants pursuant to and under color of law.

43.    That the aforementioned acts, omissions and conduct of the defendants, set forth above in paragraphs 24 through 25 inclusive, resulted in the plaintiff suffering physical injury, impairment of health, severe emotional distress, impairment of reputation and character, loss of income, deprivations and violations of his Fourth, Fifth and Fourteenth Amendment rights as well as rights secured and guaranteed by 42 U.S.C. §1983 and the laws of the United States.

44.    That by reason of the foregoing, the plaintiff, **JUSTIN MEREDITH**, has been unable to attend to his usual occupation and/or school in the manner required.

45.    That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

46.    That as a result of the foregoing, the plaintiff, **JUSTIN MEREDITH**, sustained damages in excess of the jurisdictional amounts of the lower court.

## AS AND FOR A FOURTH CAUSE OF ACTION

47.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 inclusive, with the same force and effect as though more fully set forth at length herein.

48.    That the defendants were negligent, reckless and failed to use reasonable care during the aforesaid incident.

49.    That as a result of the negligence of the defendants, the plaintiff, **JUSTIN**

10

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 11 of 23 PageID #: 19

**MEREDITH**, sustained serious bodily injuries and accompanying conscious pain and suffering, and was rendered sick, sore, lame, disabled and bruised, suffered emotional distress and mental anguish and was caused to undergo medical care and treatment and incur medical expenses and other costs.

50.   That by reason of the foregoing, the plaintiff, **JUSTIN MEREDITH,** has been unable to attend to his usual occupation and/or school in the manner required.

51.   That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

52.   That as a result of the foregoing, the plaintiff, **JUSTIN MEREDITH**, sustained damages in excess of the jurisdictional amounts of the lower court.

<u>**AS AND FOR A FIFTH CAUSE OF ACTION**</u>

53.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 52 inclusive, with the same force and effect as though more fully set forth at length herein.

54.   That at the time of said assault, the agent, servant and/or employee was acting in the course and general scope of his employment in pursuance of the authority given him by the defendant **THE CITY OF NEW YORK.**

55.   That at the time of said assault, the agent, servant and/or employee was acting in the course and general scope of his employment in pursuance of the authority given him by the defendant **THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE.**

11

INDEX NO. 516442/2019
RECEIVED NYSCEF: 07/26/2019
Case 1:19-cv-04897-FB-SJB Document 1-2 Filed 08/27/19 Page 12 of 23 PageID #: 20

56.     That at the time of said assault, the agent, servant and/or employee was acting in the course and general scope of his employment in pursuance of the authority given him by the defendant the **NEW YORK CITY POLICE DEPARTMENT.**

57.     That at the time of said assault, the agent, servant and/or employee was acting in the course and general scope of his employment in pursuance of the authority given him by the defendant the **SERVICES FOR THE UNDERSERVED, INC.**

58.     That upon information and belief, the defendants, **THE CITY OF NEW YORK** herein knew, or should have known, that the agent, servant and/or employee was unfit for the employment for which he was hired.

59.     That upon information and belief, the defendants, **THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE** herein knew, or should have known, that the agent, servant and/or employee was unfit for the employment for which he was hired.

60.     That upon information and belief, the defendants, the **NEW YORK CITY POLICE DEPARTMENT** herein knew, or should have known, that the agent, servant and/or employee was unfit for the employment for which he was hired.

61.     That upon information and belief, the defendants, the **SERVICES FOR THE UNDERSERVED, INC** herein knew, or should have known, that the agent, servant and/or employee was unfit for the employment for which he was hired.

62.     That by hiring and retaining the aforesaid agent, servant and/or employee, the defendant **P.O. "JOHN DOE #1-#10"** herein created and propitiated a situation where it was

likely that said agent, servant and/or employee would, as a result of his history, character, temperament and propensity, threaten, assault and strike others.

63.    That the defendant, **NEW YORK CITY POLICE DEPARTMENT** knew or should have known in the exercise of due and reasonable care that the aforesaid agent, servant and/or employee was vicious and potentially dangerous.

64.    That the defendant, **THE CITY OF NEW YORK** knew or should have known in the exercise of due and reasonable care that the aforesaid agent, servant and/or employee was vicious and potentially dangerous.

65.    That the defendant **THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE** knew or should have known in the exercise of due and reasonable care that the aforesaid agent, servant and/or employee was vicious and potentially dangerous.

66.    That the defendant **SERVICES FOR THE UNDERSERVED** knew or should have known in the exercise of due and reasonable care that the aforesaid agent, servant and/or employee was vicious and potentially dangerous.

67.    That the defendant, **NEW YORK CITY POLICE DEPARTMENT**, was negligent in the hiring of defendant **P.O. "JOHN DOE #1"** and supervision of the aforesaid agent, servant and/or employee.

68.    That the defendant, **THE CITY OF NEW YORK**, was negligent in the hiring of defendant **P.O. "JOHN DOE #1"** and supervision of the aforesaid agent, servant and/or employee.

13

Case 1:19-cv-04897-FB-SJB Document 1-2 Filed 08/27/19 Page 14 of 23 PageID #: 22

69.     That the defendant, **THE CITY OF NEW YORK DEPARTMENT OF HOMELESS SERVICES and DEPARTMENT OF HOMELESS SERVICES POLICE**, was negligent in the hiring of defendant **P.O. "JOHN DOE #1"** and supervision of the aforesaid agent, servant and/or employee.

70.     That the defendant, **SERVICES FOR THE UNDERSERVED**, was negligent in the hiring of defendant **P.O. "JOHN DOE #1"** and supervision of the aforesaid agent, servant and/or employee.

71.     That as a result of the negligence of the defendants, the plaintiff, **JUSTIN MEREDITH**, sustained serious bodily injuries and accompanying conscious pain and suffering, and was rendered sick, sore, lame, disabled and bruised, suffered emotional distress and mental anguish and was caused to undergo medical care and treatment and incur medical expenses and other costs.

72.     That by reason of the foregoing, the plaintiff, **JUSTIN MEREDITH**, has been unable to attend to his usual occupation and/or school in the manner required.

73.     That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

74.     That as a result of the foregoing, the plaintiff, **JUSTIN MEREDITH**, sustained damages in excess of the jurisdictional amounts of the lower court.

## AS AND FOR A SIXTH CAUSE OF ACTION

75.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 74 inclusive, with the same force and effect as though more fully set forth at length herein.

14

76. That on or about January 30, 2019 at approximately 5:30 PM, within the premise known as 1000 Blake Avenue, in the County of Kings, State of New York, defendant **P.O. "JOHN DOE #1-#10"** assaulted, battered, tasered, beat, threatened, menaced, attacked, thrashed, punched, head butted, kicked, stomped, shoved, hit, scratched, wrongfully cuffed, pushed, and elbowed plaintiff, **JUSTIN MEREDITH,** thereby causing him to sustain severe and permanent injuries.

77. That the aforesaid conduct by defendant **P.O. "JOHN DOE #1-#10"** was without the consent of the plaintiff, **JUSTIN MEREDITH**.

78. That the aforesaid conduct by defendant **P.O. "JOHN DOE #1-#10"** was offensive in nature.

79. That the aforesaid conduct by defendant **P.O. "JOHN DOE #1-#10"** was intentional.

80. That the aforesaid conduct by defendant **P.O. "JOHN DOE #1-#10"** was with the intent of causing physical, emotional and/or psychological harm and/or injury to the plaintiff, **JUSTIN MEREDITH**.

81. That the aforesaid conduct by the defendant **P.O. "JOHN DOE #1-#10"** placed the plaintiff, **JUSTIN MEREDITH**, in imminent apprehension of harmful contact.

82. That as a result of the aforesaid conduct, plaintiff **JUSTIN MEREDITH** was rendered sick, sore lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish, severe emotional distress and great physical pain; was confined to bed and home for a long period of time; was compelled to undergo hospital and medical aid, dental aid, treatment and attention; has suffered loss of enjoyment

15

Case 1:19-cv-04897-FB-SJB Document 1-2 Filed 08/27/19 Page 16 of 23 PageID #: 24

of life; was prevented from engaging in his usual occupation for a long period of time; and since some of his injuries are of a permanent nature, he will continue to suffer similar damages in the future.

83.     That the aforesaid occurrence and resulting injuries to plaintiff **JUSTIN MEREDITH** was due to the willful, wanton, intentional, reckless and/or malicious conduct of the defendant, **P.O. "JOHN DOE #1"**.

84.     That the aforesaid occurrence and resulting injuries to plaintiff **JUSTIN MEREDITH** due to the conduct of defendant **P.O. "JOHN DOE #1-#10"** reflects utter indifference to the safety of others and specifically the safety of plaintiff **JUSTIN MEREDITH** on the part of defendant **P.O. "JOHN DOE #1-#10"**.

85.     That the aforesaid occurrence and resulting injuries to plaintiff **JUSTIN MEREDITH** due to the conduct of defendant **P.O. "JOHN DOE #1-#10"** reflects a conscious disregard of the safety of others and specifically the safety of plaintiff **JUSTIN MEREDITH** on the part of defendant **P.O. "JOHN DOE #1-#10"**.

86.     That the aforesaid occurrence and resulting injuries to plaintiff **JUSTIN MEREDITH** due to the conduct of defendant **P.O. "JOHN DOE #1-#10"** reflects a reckless disregard for human life and safety and specifically the life and safety of plaintiff **JUSTIN MEREDITH** on the part of defendant **P.O. "JOHN DOE #1-#10"**.

87.     That by reason of the foregoing, plaintiff demands damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.   Plaintiff further demands punitive and exemplary damages to punish said defendant for his egregious and outrageous conduct, and to discourage others similarly

16

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 17 of 23 PageID #: 25

situated from perpetrating like or similar acts of intentional, willful, wanton and reckless conduct; the amount of punitive and exemplary damages sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

### AS AND FOR A SEVENTH CAUSE OF ACTION

88.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 87 inclusive, with the same force and effect as though more fully set forth at length herein.

89.    That on or about January 30, 2019 at approximately 5:30 PM, within the premise known as 1000 Blake Avenue, in the County of Kings, State of New York, defendant **P.O. "JOHN DOE #1-#10"** failed to stop one another, restrain, confine, detain, jail, imprison or arrest any of the **P.O. "JOHN DOE #1-#10"** acting unreasonably, out of line, out of work capacity, out of protocol, and/or for assaulting, battering, beating, threatening, menacing, attacking, thrashing, punching, head butting, shoving, hitting, scratching, elbowing, kicking and pushing plaintiff, **JUSTIN MEREDITH,** thereby causing him to sustain severe and permanent injuries.

90.    That the aforesaid presence and conduct by the defendant **P.O. "JOHN DOE #1-#10"** placed the plaintiff, **JUSTIN MEREDITH,** in imminent apprehension of harmful contact.

91.    That as a result of the aforesaid conduct or lack thereof, plaintiff **JUSTIN MEREDITH** was rendered sick, sore lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish, severe emotional distress and great physical pain; was confined to bed and home for a long period of time; was

17

compelled to undergo hospital and medical aid, dental aid, treatment and attention; has

suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a

long period of time; and since some of his injuries are of a permanent nature, he will continue

to suffer similar damages in the future.

## AS AND FOR AN EIGHT CAUSE OF ACTION

92.     Plaintiffs repeat and reallege each and every allegation contained in

paragraphs 1 through 91 inclusive, with the same force and effect as though more fully set

forth at length herein.

93.     On January 30, 2019, and at all times mentioned the within the premise

known as 1000 Blake Avenue, in the County of Kings, State of New York

94.     On January 30, 2019, while Plaintiff was lawfully present in the aforesaid

location, he was caused to be negligently, carelessly, recklessly, intentionally, wrongfully,

willfully, maliciously and with gross negligence, physically detained, assaulted,

wrongfully imprisoned, falsely arrested and detained by defendants **CITY OF NEW

YORK, NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK

DEPARTMENT OF HOMELESS SERVICES & DEPARTMENT OF HOMELESS

SERVICES POLICE, SERVICES FOR THE UNDERSERVED, INC., and P.O.

"JOHN DOE #1-#10"**, and was caused to sustain severe and permanent injuries.

95.     The aforementioned occurrence took place due to the negligence,

carelessness and recklessness of the defendants, their agents, servants, employees and/or

licensees, acting within the scope of their authority, within the scope of their employment

and in the furtherance of their agency.

18

Case 1:19-cv-04897-FB-SJB Document 1-2 Filed 08/27/19 Page 19 of 23 PageID #: 27

96.     The aforesaid occurrence and the results thereof were due to and caused by the joint, several and concurrent negligence of the defendants and their agents, servants, employees and/or licensees in negligently, carelessly and recklessly causing, allowing and/or permitting the Plaintiff to be willfully, maliciously and with gross negligence physically detained, assaulted, wrongfully imprisoned, falsely arrested and detained.

97.     No negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

98.     That by reason of the foregoing, plaintiff **JUSTIN MEREDITH** was caused to sustain serious injuries and to suffer pain, shock and mental anguish; these injuries and their effects will be permanent; as a result of said injuries Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and as a result Plaintiff was and will continue to be rendered unable to perform his normal activities and duties and in consequence has sustained a loss therefrom.

99.     That as a result of the foregoing, Plaintiff **JUSTIN MEREDITH** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A NINTH CAUSE OF ACTION

100.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 99 inclusive, with the same force and effect as though more fully set forth at length herein.

19

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 20 of 23 PageID #: 28

101.    The aforementioned occurrence took place due to the willful, wanton and intentional acts and/or omissions of the defendants and their agents, servants, employees and/or licensees, all of whom were acting within the scope of their authority, within the scope of and in furtherance of their employment and in furtherance of their agency.

102.    The acts complained of herein constitute intentional infliction of emotional harm and distress.

103.    That by reason of the foregoing, plaintiff **JUSTIN MEREDITH** was caused to sustain serious injuries and to suffer pain, shock and mental anguish; these injuries and their effects will be permanent; as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, plaintiff was and will continue to be rendered unable to perform his normal activities and duties and in consequence has sustained a loss therefrom.

104.    That as a result of the foregoing, Plaintiff **JUSTIN MEREDITH** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A TENTH CAUSE OF ACTION

105.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 104 inclusive, with the same force and effect as though more fully set forth at length herein.

106.    The acts complained of herein were performed with malice and willful intent and are beyond the bounds of a civilized society.

20

107. That as a result of the foregoing, Plaintiff **JUSTIN MEREDITH** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein. Plaintiff further demands punitive and exemplary damages to punish said defendant for his egregious and outrageous conduct, and to discourage others similarly situated from perpetrating like or similar acts of intentional, willful, wanton and reckless conduct; the amount of punitive and exemplary damages sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

Dated: Garden City, New York
July 23, 2019

Yours, etc.

CHOPRA & NOCERINO, LLP
Attorneys for Plaintiff
**JUSTIN MEREDITH**
100 Quentin Roosevelt Blvd,
Suite 107
Garden City, New York 11530
(212)868-3600
File No.: 1762.SC

TO:     CITY OF NEW YORK & NEW YORK CITY
        POLICE DEPARTMENT & P.O. JOHN DOE #1-#10
        THE CITY OF NEW YORK DEPARTMENT OF
        HOMELESS SERVICES & DEPARTMENT OF
        HOMELESS SERVICES POLICE
        100 Church Street
        New York, New York 10007

        SERVICES FOR THE UNDERSERVED, INC
        463 Seventh Ave, 17th FL
        New York, NY 10018

1

Case 1:19-cv-04897-FB-SJB   Document 1-2   Filed 08/27/19   Page 22 of 23 PageID #: 30

STATE OF NEW YORK, COUNTY OF NASSAU            ss:

I, the undersigned, an attorney admitted to practice in the courts of New York State, state

under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have

read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is

true to my own knowledge, except as to the matters therein stated to be alleged on information and

belief, and as to those matters I believe to be true.  The reason this verification is made by me and

not by my client(s), is that my client(s) are not presently in the County where I maintain my offices.

The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my

file and the investigations conducted by my office.

Dated:  Garden City, New York
        July 23, 2019

SAMEER CHOPRA

2

Case 1:19-cv-04897-FB-SJB  Document 1-2  Filed 08/27/19  Page 23 of 23 PageID #: 31

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

========================================

JUSTIN MEREDITH,

Plaintiff(s),

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, THE CITY OF NEW YORK
DEPARTMENT OF HOMELESS SERVICES and
DEPARTMENT OF HOMELESS SERVICES POLICE,
JOHN DOES #1-#10, and SERVICES FOR THE
UNDERSERVED, INC.,

Defendant(s).

========================================

**SUMMONS AND COMPLAINT**

========================================

**CHOPRA & NOCERINO, LLP**
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
100 Quentin Roosevelt Blvd, Suite 107
Garden City, New York 11530
(212) 868-3600
File No.: 1762.SC

========================================

3